## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **ROCKDALE COUNTY,** | **C. A. No. 1:24-cv-04916-SEG** |
| *Plaintiff,* | |
| *v.* | **JURY TRIAL DEMANDED** |
| **BIO-LAB INC., *et al.*,** | |
| *Defendants.* | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff and Defendants Bio-Lab, Inc., KIK International LLC, and KIK Custom Products Inc. (collectively, "Defendants"), through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

**1.    Description of Case**:

*(a)    Describe briefly the nature of this action.*

***For Plaintiff****:*

On September 29, 2024, a fire erupted at Bio-Lab's facility at 1700 Covington Hwy, Conyers, Georgia 30012, releasing hazardous chemicals into the air and forcing evacuations. In response, Plaintiff filed a Complaint on October 28, 2024 (Doc. 1) and an Amended Complaint on October 31, 2024 against Bio-Lab, Inc. ("Bio-Lab"); KIK International LLC ("KIK International"); and KIK Custom

Products Inc. (Doc. 9) together ("Defendants"), alleging damages under the Clean Air Act, the Emergency Planning and Community Right-to-Know Act, and claims for negligence, public and private nuisance, trespass, and wanton misconduct. Plaintiff seeks injunctive relief, punitive damages, and attorneys' fees due to Bio-Lab's repeated safety violations and failure to prevent the disaster. On February 24, 2025, Defendants filed a Partial Motion to Dismiss or in the Alternative Strike. Doc. 48.

*For Defendants*:

This is a civil action for damages following a fire at Bio-Lab's manufacturing facility in Conyers, Georgia, on September 29, 2024. Plaintiff's Amended Complaint brings claims for negligence, trespass, public nuisance, private nuisance, as well as claims under the Clean Air Act and Emergency Planning and Community Right-to-Know Act ("EPCRA"). Plaintiff seeks civil penalties, compensatory and punitive damages, attorneys' fees, and injunctive relief. *See* Dkt. 9. Defendants deny that they engaged in any conduct violative of law and further deny that Plaintiff is entitled to the relief requested in its Amended Complaint.

*(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

*For Plaintiff*:

   On September 29, 2024, a four-alarm fire erupted at Bio-Lab's facility, located at 1700 Covington Hwy, Conyers, Georgia 30012, resulting in a significant release of hazardous chemicals that contaminated the surrounding environment with toxic smoke into the atmosphere. The fire originated on the roof and spread rapidly due to Bio-Lab's improper storage of highly reactive chemicals, including chlorine, bromine and trichloroisocyanuric acid ("TCCA"). A malfunction in the facility's fire suppression system worsened the situation, allowing the fire to intensify and prolonging the release of harmful chemicals into the atmosphere. In response, Rockdale County's emergency management officials issued shelter-in-place orders for over 90,000 residents and evacuation orders for approximately 17,000 residents. The Georgia Emergency Management Agency confirmed that the fire released dangerous levels of chlorine gas and related compounds, posing serious health risks to the community. Atmospheric scientists from Georgia Tech measured a staggering increase in chlorine and bromine particles in the air over Decatur, Georgia, following the incident. The fire caused the complete destruction of the Bio-Lab plant, releasing even more hazardous materials stored on-site. The Environmental Protection Agency ("EPA") activated emergency response protocols and deployed air monitoring stations to assess airborne contaminant levels, while the U.S. Chemical

Safety and Hazard Investigation Board launched an investigation into the fire's causes and the facility's safety practices.

**For Defendants**:

Defendants deny the substantive allegations outlined in the Amended Complaint. At all times, Defendants acted legally and in good faith with respect to managing, maintaining, and operating the Bio-Lab facility in Conyers, Georgia. Defendants reserve the right to alter, amend, or modify their factual contentions as necessary during discovery.

(c)     *The legal issues to be tried are as follows:*

**For Plaintiff:**

The legal issues include, but are not necessarily limited to, the following:

1.     Whether Defendants caused the Conyers fire in violation of rules, regulations, and customs;

2.     Whether Defendants caused the release of toxic chemicals and particulate matter in and around Rockdale County;

3.     Whether Defendants failed to exercise reasonable care;

4.     Whether Defendants' actions and inactions caused Plaintiff's damages;

5.     The amount of any damages incurred by Plaintiff;

6.     Whether Defendants' conduct amounted to negligence;

-4-

7.  Whether Defendants' conduct amounted to a public and private nuisance;

8.  Whether Defendants engaged in trespass to Plaintiff's properties;

9.  Whether Plaintiff is entitled to compensatory damages, punitive damages, injunctive relief, equitable relief, or other remedies;

### *For Defendants:*

1.  Whether Plaintiff can establish a claim under the Clean Air Act;

2.  Whether Plaintiff can establish a claim under the EPCRA;

3.  Whether Plaintiff can establish a claim for Negligence;

4.  Whether Plaintiff can establish a claim for Public Nuisance;

5.  Whether Plaintiff can establish a claim for Private Nuisance;

6.  Whether Plaintiff can establish a claim for Trespass;

7.  Whether any of Plaintiff's claims are barred by Defendants' asserted defenses;

8.  Whether Plaintiff is entitled to other equitable, injunctive, and declaratory relief to enjoin the alleged trespass and/or abate the alleged nuisance;

9.  Whether Plaintiff is entitled to damages, and if so, the amount of damages;

10. Whether Plaintiff is entitled to any civil penalties for any violation of applicable federal law;

11.    Whether any party is entitled to recover attorneys' fees and/or costs.

(d)    *The cases listed below (include both style and action number) are:*

(1)    *Pending Related Cases*:    The Court directed the parties to coordinate with the related, consolidated case pending before the Court, *In Re: Bio-Lab Class Actions,* No. 1:24-CV-4407 (N.D. Ga.).

Exhibit A lists related actions filed in state court.

(2)    *Previously Adjudicated Related Cases:* Not applicable.

**2.**    This case is complex because it possesses one (1) or more of the features listed below (please check):

\_\_\_ (1)    Unusually large number of parties

\_\_\_ (2)    Unusually large number of claims or defenses

\_\_x\_\_ (3)    Factual issues are exceptionally complex

\_\_x\_ (4)    Greater than normal volume of evidence

\_\_\_ (5)    Extended discovery period is needed

\_\_\_ (6)    Problems locating or preserving evidence

\_\_x\_(7)    Pending parallel investigations or action by government

\_\_x\_ (8)    Multiple use of experts

\_\_\_\_ (9)    Need for discovery outside United States boundaries

_x_ (10)    Existence of highly technical issues and proof

___ (11)    Unusually complex discovery of electronically stored information

**3.    Counsel**:

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

***For Plaintiff:***

Mirza Qader Ali Baig
913 Commercial Street NE, Suite B
Conyers, GA  30012-4537
Tel. (770) 929-1665
mqab@mqablaw.com

Shayna E. Sacks
360 Lexington Avenue, Floor 11
New York NY  10017-6502
Tel. (212) 397-1000
ssacks@napolilaw.com

Hunter J. Shkolnik
1302 Avenida Ponce de Leon
Santurce, PR 00907
Tel. (787) 493-5088
HShkolnik@NSPRLaw.com

Paul J. Napoli
1302 Avenida Ponce de Leon
Santurce, PR 00907
Tel. (787) 493-5088
PNapoli@NSPRLaw.com

Veronica N. Vazquez Santiago
1302 Avenida Ponce de Leon
Santurce, PR 00907
Tel. (787) 493-5088
VVazquez@NSPRLaw.com

***For Defendants***:

Alan E. Schoenfeld
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street, New York, NY 10007
212-937-7294
Fax: 212-937-8888
Email: alan.schoenfeld@wilmerhale.com

Felicia H. Ellsworth
Wilmer Cutler Pickering Hale and Dorr LLP-MA
60 State Street, Boston, MA 02109
617-526-6687
Fax: 617-526-5000
Email: felicia.ellsworth@wilmerhale.com

Robin C. Burrell
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue, N.W., Washington, DC 20037
202-663-6060
Email: robin.burrell@wilmerhale.com

Thomas K. Bredar
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center,
250 Greenwich Street, New York, NY 10007
212-295-6343
Email: thomas.bredar@wilmerhale.com

Alan Michael Long
Caplan Cobb LLC
75 14th Street, Suite 2700, Atlanta, GA 30309
470-870-8830
Email: along@caplancobb.com

Emily Carden Snow
Caplan Cobb LLC
75 14th Street NE, Suite 2700, Atlanta, GA 30309
864-561-8307
Email: esnow@caplancobb.com

Jessica Arnold Caleb
Caplan Cobb LLC
75 Fourteenth Street, NE
Suite 2700
Atlanta, GA 30309
404-596-5600
Email: jcaleb@caplancobb.com

Michael A. Caplan
Caplan Cobb LLC
75 14th Street NE, Suite 2700, Atlanta, GA 30309
404-596-5610
Email: mcaplan@caplancobb.com

Michael L. Eber
Caplan Cobb LLC
75 14th Street NE, Suite 2700, Atlanta, GA 30309
470-870-8890
Email: meber@caplancobb.com

**4.    Jurisdiction**:

*Is there any question regarding this court's jurisdiction?*

\_\_\_\_\_Yes    \_\_\_X\_\_\_No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

*(a) The following persons are necessary parties who have not been joined:*

*For Plaintiff*: None.

*For Defendants*: None.

*(b) The following persons are improperly joined as parties:*

*For Plaintiff*: None

*For Defendants*: None.

*(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

*For Plaintiff*: None

*For Defendants*: None.

*(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

**6.    Amendments to the Pleadings**:

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.1(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:*

**For Plaintiff:** Plaintiff reserves the right to amend in accordance with the proposed schedule set forth below, the Federal Rules of Civil Procedure, the Local Rules, and/or following an order of this Court on a motion to dismiss.

*For Defendants*: Defendants object to any further amendments of the Amended Complaint.

*(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

## 7. Filing Times For Motions:

The Court entered a Scheduling Order on February 18, 2025 (Dkt. 47), which governs the deadlines for filing motions in this case. The parties are adhering to the Scheduling Order and proceeding in accordance with the established timeline.

## 8. Initial Disclosures:

*The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).*

The parties intend to exchange initial disclosures on or before March 26, 2025, in accordance with the Court's Scheduling Order. *See* Dkt. 47.

## 9. Request for Scheduling Conference:

*Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.*

The parties do not believe a scheduling conference is necessary at this time as the Court has already entered a Scheduling Order.  *See* Dkt. 47.

**10.    Discovery Period**:

*The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-month discovery period, (b) four (4)-months discovery period, and (c) eight (8)- months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

*Please state below the subjects on which discovery may be needed*:

The parties will conduct discovery in accordance with the Scheduling Order entered by the Court.  *See* Dkt. 47.  Consistent with Rule 26, the parties anticipate that they will endeavor to seek discovery only as to any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

The Plaintiff intends to seek discovery from Defendant related to, among other things the claims outlined in the operating complaint and Defendants' defenses.

The Defendants intend to seek discovery from Plaintiff related to, among other things, Plaintiff's claims and Defendants' defenses.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery*

*should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below*:

The parties will conduct discovery in accordance with the Scheduling Order entered by the Court. *See* Dkt. 47.

**11.    Discovery Limitation and Discovery of Electronically Stored Information**:

*(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

The parties agree that, pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary e-mail address listed (or any updated email address provided to all counsel of record).  The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email.  If an error or delayed delivery message is received by the sending party, that party shall promptly notify the intended recipient of the message and serve the pleadings of other papers by other authorized means.

The parties anticipate filing a proposed protective order governing the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than

prosecuting the above-caption action may be warranted.  The parties reserve the right to seek such orders should they become necessary.

*(b) Is any party seeking discovery of electronically stored information?*

__x__ Yes                    _____ No

**If "Yes",**

(1)    *The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows*:

The parties anticipate filing a proposed order for discovery of electronically stored information.

*(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows*:

The parties anticipate filing a proposed order for discovery of electronically stored information.  The parties anticipate that the proposed order will address the format of data for production, and the inclusion or exclusion and use of metadata. In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference.

**12.    Other Orders**:

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

None.

**13.    Settlement Potential**:

*(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on March 13, 2025 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.*

**For Plaintiff**: Lead counsel (signature): */s/ Shayna E. Sacks*

Other participants: Mirza Qader Ali Baig; Hunter Shkolnik; Paul J. Napoli;

Veronica N. Vazquez

**For Defendants**: Lead counsel (signature):  */s/ Felicia H. Ellsworth*

Other participants: Robin C. Burrell; Thomas K. Bredar; Michael L. Eber

 *(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now*:

(__x__)  A possibility of settlement before discovery.

(__x__) A possibility of settlement after discovery.

(____) A possibility of settlement, but a conference with the judge is needed.

(____) No possibility of settlement.

(c)    *Counsel ( x ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is* to be determined.

The parties are amenable to holding further settlement conferences amongst

themselves but currently have no subsequently scheduled conference.

(d) *The following specific problems have created a hindrance to settlement of*

*this case*:

None at this time.

**14.    Trial by Magistrate Judge**:

Note: *Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.*

The parties do not consent to having this case tried before a magistrate judge of

this Court.

As agreed by all Parties this 26th day of March, 2025.

Dated: March 26, 2025                    Respectfully submitted,

*/s/ Michael A. Caplan*                    */s/ Mirza Qader Ali Baig*
Michael A. Caplan (GA # 601039)            Mirza Qader Ali Baig (GA # 031610)
Michael L. Eber (GA # 859338)            **M. QADER A. BAIG &**
Jessica Arnold Caleb (GA # 141507)            **ASSOCIATES, LLC**
Emily C. Snow (GA # 837411)                913 Commercial Street NE, Suite B
**CAPLAN COBB LLC**                        Conyers GA  30012-4537
75 Fourteenth Street NE, Suite 2700        Tel. (770) 929-1665
Atlanta GA  30309                        mqab@mqablaw.com
Tel. (404) 596-5600
mcaplan@caplancobb.com
meber@caplancobb.com

jarnold@caplancobb.com
esnow@caplancobb.com

Alan E. Schoenfeld
      *(Admitted Pro Hac Vice)*
Thomas K. Bredar
      *(Admitted Pro Hac Vice)*
**WILMER CUTLER PICKERING
      HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York NY  10007
Tel. (212) 230-8800
alan.schoenfeld@wilmerhale.com
thomas.bredar@wilmerhale.com

Felicia H. Ellsworth
      *(Admitted Pro Hac Vice)*
**WILMER CUTLER PICKERING
      HALE AND DORR LLP**
60 State Street
Boston MA 02109
Tel. (617) 526-6000
felicia.ellsworth@wilmerhale.com

Robin C. Burrell
      *(Admitted Pro Hac Vice)*
**WILMER CUTLER PICKERING
      HALE AND DORR LLP**
2100 Pennsylvania Avenue, N.W.,
Washington, DC 20037
Tel. (202) 663-6060
robin.burrell@wilmerhale.com


***Counsel for Defendants***

*/s/ Shayna E. Sacks*
Shayna E. Sacks
      *(Admitted Pro Hac Vice)*
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, Floor 11
New York NY  10017-6502
Tel. (212) 397-1000
ssacks@napolilaw.com

Hunter J. Shkolnik
      *(Admitted Pro Hac Vice)*
Paul J. Napoli
      *(Admitted Pro Hac Vice)*
Veronica N. Vazquez Santiago
      *(Admitted Pro Hac Vice)*
**NS PR LAW SERVICES LLC**
1302 Avenida Ponce de León
San Juan PR  00907-3982
Tel. (833) 271-4502
hunter@nsprlaw.com
pnapoli@nsprlaw.com

***Counsel for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which automatically sends e-mail notification of filing to any attorneys of record.

Dated: March 26, 2025.

_/s/ Shayna E. Sacks_
Shayna E. Sacks
