# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

**ROCKDALE COUNTY,**

*Plaintiff,*

*v.*

**BIO-LAB INC.,** *et al.,*

*Defendants.*

**C. A. No. 1:24-cv-04916-SEG**

**JURY TRIAL**

## STIPULATED PROTECTED ORDER

WHEREAS Plaintiff Rockdale County and Defendants Bio-Lab, Inc., KIK International, LLC, and KIK Custom Products, Inc. (collectively, "Defendants") (each a "Party" and collectively the "Parties") believe that disclosure and discovery activity in this consolidated class action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the above-captioned action (hereinafter referred to as the "Litigation") may be warranted;

WHEREAS to streamline the discovery process and minimize the need for Court intervention, this Protective Order adopts an approach that allows the Producing Party to designate materials being produced or deposition testimony as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY;

WHEREAS this Order allocates to the Producing Party the burden of justifying the confidentiality designation and also establishes a procedure for the Receiving Party to, if appropriate, challenge the Producing Party's confidentiality designation before the Court;

WHEREAS good cause exists for entry of this Order, *see* <u>Federal Rule of Civil Procedure 26(c)</u>;

WHEREAS the Parties do hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order");

THEREFORE, in view of the foregoing and because the Parties hereto, by and through their respective counsel, stipulate to the entry of the following Protective Order and having determined that good cause exists for the entry of this Order,    **IT IS HEREBY STIPULATED AND ORDERED THAT:**

**I.    SCOPE**

All documents and materials produced or adduced in the course of discovery whether by any Party to the litigation or Non-Party, including initial disclosures, documents and things produced in response to discovery requests, all physical evidence from relevant sites, deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom ("Discovery Material"), shall be subject to this Order as set forth below.  The protections conferred by this Order cover not

only the above-mentioned discovery documents and material, but also any information copied or extracted from that material, all copies, derivations, abstracts, excerpts, summaries, or compilations of materials, and any testimony, conversations, or presentations by Parties or their counsel in court or other settings that might reveal discovery documents and material.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

## II.    DEFINITIONS

In this Order, the words set forth below shall have the following meanings:

**A.    "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"** means information that falls within one or more of the following categories:

1.    information prohibited from disclosure by statute;

2.    information that reveals trade secrets;

3.    information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information;

4.    sensitive commercial information that is not publicly available;

5.    medical or psychiatric information concerning any individual;

6.    private or personal information relating to an individual;

7.    personally identifying information;

    **8.**    income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or personal financial information about any Party to the case, or any current or former employee, officer, director, or family member of any Party to the case;

    **9.**    non-public communications with regulators or other governmental bodies; or

    **10.**    personnel or employment records.

**B.**    **"HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"** means documents or materials that contain trade secrets or other highly sensitive commercial or confidential information, and disclosure to third parties would result in potential harm to the disclosing Party or Non-Party.

**C.**    **"Party"** means Plaintiffs and Defendants in this Litigation, collectively the "Parties."

**D.**    **"Designating Party"** means the Party or Non-Party that designates documents or materials as Protected Material.

**E.**    **"Producing Party"** means the Party or Non-Party that may be producing documents or materials in response to the request of Requesting Party.

**F.**    **"Receiving Party"** means the Party receiving production of documents or materials.

**G.**    **"Requesting Party"** means the Party requesting production of documents or materials.

**H.**    **"Non-Party"** means any individual or entity that is not a named Plaintiff or Defendant in this action and will be requested to produce documents or materials, either voluntarily or in response to a subpoena.

**I.**    **"Protected Material"** means information that has been designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY.

## III.    DESIGNATION

### A.    Designation of Information as Protected

A Producing Party may designate documents and materials for protection under this Order by placing or affixing the words CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" OR HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY on the document or material, and on all copies, in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Material.  Any copies that are made of any documents marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL  shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text

of marked documents and do not otherwise disclose the substance of the Protected Material are not required to be marked.

Documents or materials shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY prior to or at the time of production or disclosure, or in accordance with the procedure for designating deposition testimony contained in Section IV below. When electronically stored information or physical material is produced which cannot itself be marked with the designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY, the physical media on which such electronically stored information is produced or the storage container in which the physical material is produced shall be marked with the applicable designation.  The Party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.  By written stipulation the Parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY, even though the original documents being produced have not themselves been so labeled.  All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation.  The copies of documents that are

selected for copying during such an inspection shall be marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY does not necessarily mean that the document or material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

Any Party or Non-Party may designate documents or materials as CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents or materials fall into the categories listed in Section II(A)(1 – 10) above.

Any Party may designate documents or materials as HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY upon making a good faith determination that the documents or materials fall into the categories listed in Section II(B) above.

### B.    Certification

The designation of a document or material as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or HIGHLY CONFIDENTIAL ATTORNEYS' EYES

ONLY is a certification by an attorney or Non-Party that the document or material contains one of these categories of information as defined in this order.

### C.    Designation Disputes

The Receiving Party shall have the right to dispute a designation at any point during fact discovery and for a reasonable time thereafter. Challenges outside of this period may be made with good cause. The Receiving Party and Designating Party must make good-faith efforts to resolve any such dispute without Court intervention.

### D.    Blanket Designations Not Permitted

The Parties anticipate that documents and materials will be reviewed for applicability of these categories and blanket designations of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY will not be applied to all documents simply because they are produced in relation to the current litigation.

## IV.    DEPOSITIONS

Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY.

Such designations may be made by written notice to the court reporter within thirty (30) days (or as mutually agreeable) after a Party receives a transcript, with a copy of the notice to counsel for each Party to the Litigation of the specific pages and lines of the transcript that contain material that is CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY.  All deposition transcripts shall be treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY in their entirety until thirty (30) days (or as mutually agreeable) following receipt of the transcript unless receipt of confidentiality designations is received earlier.  After designation, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY, pending the resolution of any objection, under the terms of this Order.

## V.    PROTECTION OF PROTECTED MATERIAL

### A.    General Protections

Unless otherwise agreed to by the Parties, Discovery Material shall be utilized by a Receiving Party only for purposes of litigating this action and for no other purpose whatsoever.  CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER may not be disclosed to any member of the proposed class other than the named Plaintiff(s) unless and until a class including the member has been certified.

**B.      Limited Disclosure of Information Designated CONFIDENTIAL –
SUBJECT TO PROTECTIVE ORDER**

Except with the prior written consent of the Designating Party or upon order of this Court, information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER may only be disclosed to the following persons:

1.      **Counsel.** Attorneys and staff of law firms who are counsel of record in this action and counsel who are employees of a Party;

2.      **Parties.**  Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to advance this litigation and only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

3.      **The Court, Court Reporters, and Recorders.**  The Court, the jury, court reporters, videographers, and court personnel, as are necessarily incident to depositions, hearings, or trial;

4.      **Mediators.**  Any mediator who is assigned to hear this matter, and his or her staff.

5.      **Litigation Support Personnel.** Outside photocopying, graphic production services, eDiscovery service providers, or litigation support services

employed by the Parties' counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

6. **Consultants, Investigators, and Experts.** Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in preparation and hearings or trials of this action or proceeding, but only after such persons have completed the certification contained in the "Acknowledgment of Understanding and Agreement to Be Bound" (Attachment A);

7. **Mock Jurors and Focus Group Participants.** Professional jury or trial consultants including mock jurors and focus group participants who have signed a confidentiality agreement, provided, however that any such person shall not be permitted to retain any Protected Material;

8. **Witnesses.** Witnesses during depositions or trial;

9. **Author or Recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation), or other person who otherwise possessed the information after they have executed the "Acknowledgment of Understanding and Agreement to Be Bound" (Attachment A); and

10. **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

Counsel for a Receiving Party shall not disclose or permit the disclosure of any HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY documents or materials to any person or entity except those set forth in Sections V(B)(1), (3), (4), (5), (6), (9), and (10) above.  A Receiving Party may disclose or permit the disclosure of HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY documents or materials to witnesses, as described in Section V(B)(8), provided that prior to disclosing or permitting the disclosure of this material, the Receiving Party must establish that a proper foundation was laid, that the witness had knowledge of material, that the material reasonably relates to topics that the witness had knowledge of, or that there is otherwise a good-faith litigation purpose to show the witness the material.

### C.    Control of Documents

Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents, materials, or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY.

## VI.    FAILURE TO DESIGNATE

An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document. If a Party designates a document as Protected Material after it was initially produced, the

Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Material, even where the failure to so designate was inadvertent and where the material is subsequently designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY.

## VII. NO WAIVER OF PRIVILEGE UNDER FED. R. EVID. 502(d) / CLAWBACK PROCEDURE

### A. No Waiver by Disclosure

This Protective Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d). Any disclosure or production—inadvertent or otherwise—of information protected by the Producing Party's attorney-client privilege, work product protection, or other applicable privilege or protection ("Privileged Material") will not constitute a waiver—in this or any federal or state proceeding or investigation—of any available privilege or protection.

### B. Handling and Return of Privileged Material

1.      Clawback Notice and Response Procedure. The party that produces Information that it claims to be inadvertently produced, privileged, or otherwise protected (the "Producing Party") must notify the party that received

13

that Information (the "Receiving Party"), upon discovery that privileged or otherwise protected Information has been produced (the "Identified Material"), in writing that provides the Bates numbers of the Identified Material (the "Clawback Notice"). The Producing Party shall provide with the Clawback Notice a privilege log with the relevant information pertaining to each individual item of Identified Material, as required by the Federal Rules of Civil Procedure and applicable case law, and in accordance with any privilege logs provisions agreed to by the Parties.

a.    No Challenge.  Within fourteen (14) calendar days of receipt of a Clawback Notice (unless the Receiving Party challenges the Producing Party's claim of privilege or work product protection as set forth below), or a determination by the Court that documents produced are Privileged Document(s), the Receiving Party must promptly return or destroy the document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege or work product protection is claimed, and provide a certification of counsel that all such Privileged Documents have been returned, destroyed, or deleted. The Receiving Party shall not use, disclose, or disseminate such Privileged Documents in any way (including, but not limited to, using the information at depositions or trial), and must take reasonable steps to retrieve the Privileged Documents if disseminated by the Receiving Party prior to such notification.

b.     Challenge.  If a Receiving Party challenges a claim that a document specified in a Clawback Notice is privileged or protected work product:

(i)     Upon its receipt of a Clawback Notice, the Receiving Party shall notify the Producing Party of its challenge (and the reasons therefor) within fourteen (14) calendar days of receiving the Clawback Notice asserting the claim.  The Receiving Party shall immediately sequester the challenged document, all copies thereof, and any notes that reproduce, copy, or otherwise disclose or use the substance of the information for which privilege or work product protection is claimed, until the claim has been resolved.

(ii)     Within fourteen (14) calendar days of the Producing Party's receiving notification of the challenge, the Parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to reach agreement, within fourteen (14) days of the meet and confer, the Producing Party shall present the issue to the Court for resolution, or else waive the claim of privilege or protection.  Each party may use the content of the document(s) at issue solely in briefing or argument submitted in connection with any challenge to a Clawback Notice, in which case the Receiving Party agrees not to argue that such use constitutes waiver of the claimed privilege or work product protection. The content subject to the work product or privilege claim in the document(s) listed in the Clawback Notice shall not otherwise be used or disclosed by the Receiving Party during the time in which

the parties are meeting and conferring about the basis for the assertion of privilege or work product protection or during the time in which the challenge is before the Court for determination, unless otherwise agreed in writing by the parties or ordered by the Court.  The Producing Party shall bear the burden of establishing the privileged or protected nature of the content of the document(s) it claims to be privileged or protected work product.  For the avoidance of doubt, nothing in this paragraph shall be construed as restricting the right of any party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws after return or destruction of the document(s)

### C.    Attorney's Ethical Responsibilities

Nothing in this Order overrides any attorney's ethical responsibilities under any other controlling rule to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

### D.    *In Camera* Review

Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information.

### E.     Intentional and Subject Matter Waiver

This Order does not preclude a party from intentionally voluntarily waiving the attorney-client privilege or work product protection. Where a party makes such a voluntary waiver, the provisions of Federal Rule of Evidence 502(a) apply.

## VIII.   FILING OF PROTECTED MATERIAL

Any documents (including briefs), tangible things, or information designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.  Unless otherwise ordered by the Court, all documents and materials that are subject to sealing during motion practice will not necessarily be protected from disclosure at any hearing, argument, or trial.  The hearing, argument, or trial will be public in all respects, except to the extent otherwise ordered by the Court.

## IX.    PROTECTION OF SPECIFIC DOCUMENTS

Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires confidentiality protection greater than that afforded by this Order unless the Party moves for an order providing such special confidentiality protection, or the parties otherwise

17

agree subject to a meet and confer.  Nothing in this Order prejudices a Party's right to seek such greater protections from the Court or to seek to file documents under seal.

## X.    USE OF CONFIDENTIAL DOCUMENTS OR INFORMATION AT TRIAL OR HEARING

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any Party at any hearing or argument, or during the trial.  Unless otherwise ordered by the Court, if a Party intends to present or anticipates that another party may present Protected Material at any hearing, argument, or trial, such Party shall bring that issue to the Court's and Parties' attention by motion, in a pretrial memorandum, or other suitable method.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at any hearing, argument, or trial.

## XI.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

### A.    Subpoenas or Legal Process Calling For Disclosure

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall promptly give written notice thereof to every Party who

has produced such documents or materials and to its counsel and shall provide each such Producing Party with an opportunity to move for a protective order regarding the production of the documents or materials implicated by the subpoena.

### B.    Response to the Subpoena

Unless prohibited by law or court order, the Receiving Party also must promptly inform in writing the party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

### C.    Protective Order Sought

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this lawsuit as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Receiving Party shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY

CONFIDENTIAL ATTORNEYS' EYES ONLY documents or materials may be affected.

## XII.  NON-PARTY INFORMATION

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

## XIII.  GENERATIVE AI TOOLS

All information produced by the parties, including CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information shall not be submitted to any Generative AI tool (*e.g.*, ChatGPT) that is available to the public without a contractual agreement;  trains on customer data or learns from customer usage;  retains customer data after being queried and returning a response; or otherwise retains information submitted to it.  Any Generative AI tool used with information produced by the parties shall forget the query, response, and customer data used to generate the response immediately after providing the response.   Before submitting any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information to a Generative AI tool,

a Receiving Party shall ensure that it (or its vendor) can delete all such CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY from the Generative AI tool at the conclusion of this matter, including any derivative information.  The obligations and restrictions of this paragraph apply even where the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information has been anonymized.

## XIV.  INFORMATION SECURITY

### A.      Obligations to Maintain Security

The Parties agree that each Party will strictly protect and strictly maintain the security of all information provided by any Party.  The Parties further agree that: (1) before submitting Protected Material to a Generative AI tool, as described in Section XIII, a Receiving Party will ensure that the Generative AI tool comports with the requirements of Section XIII, and (2) counsel for Receiving Party will advise any person who receives protected material pursuant to Section V.B. (1), (2) (5), (6) or (7) that they cannot input any Protected Material into a Generative AI tool other than those which have been determined by counsel to comport with the requirements of Section XIII.

An Information Security Incident ("ISI") is a situation in which a Party confirms or reasonably suspects that an unauthorized party has accessed or may

have the ability to access any such information that it has in its possession or can access ("Discovering Party").

**B.** **Notification of and Response to an ISI**

Discovering Party agrees to, on identifying an ISI, alert any and all implicated Parties and their respective counsel immediately, and in no instance more than twenty-four (24) hours following Discovering Party's identification of the ISI, via an e-mail to counsel for the implicated Parties.

Discovering Party agrees that in the event of an ISI, it will:

1.  Coordinate with any and all implicated Parties and their respective counsel to take all necessary steps to minimize the impact of the ISI on any and all implicated Parties and their respective counsel;

2.  Cooperate with any and all implicated Parties and their respective counsel in handling the matter, including, but not limited to, assisting with any investigation, providing any and all implicated Parties and their respective counsel with access to appropriate facilities, systems, and people, and making available all relevant records, files, data, and other material required to comply with applicable laws and regulations; and

3.  Promptly use Discovering Party's best efforts to prevent a recurrence of any such ISI.

### C.    Notice to Third Parties

Discovering Party additionally agrees that it shall not inform any third party of any ISI without first obtaining any and all implicated Parties' written consent other than to inform such third party that the matter has been forwarded to any and all implicated Parties and their respective counsel.

## XV.    OBLIGATIONS ON CONCLUSION OF LITIGATION

### A.    Order Continues in Effect

Unless otherwise agreed or ordered, this Order shall remain in effect after dismissal or entry of final judgment not subject to further appeal.

### B.    Obligations at Conclusion of Litigation

Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents and materials treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY under this Order, including copies as defined in ¶ 7(f), shall be returned to the Producing Party unless:  (1) the documents or materials have been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to documents or materials bearing the notations, summations, or other mental impressions of the Receiving Parties, those Parties elect to destroy the documents or materials, and certify to the Producing Party that it has done so.  Notwithstanding the above requirements to

return or destroy documents or materials, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY documents or materials.

SO ORDERED this 14th day of April, 2025

SARAH E. GERAGHTY
United States District Judge