## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ROCKDALE COUNTY,<br><br>     Plaintiff,<br><br>    v.<br><br>BIO-LAB INC.; KIK<br>INTERNATIONAL LLC; and<br>KIK CUSTOM PRODUCTS INC.,<br><br>     Defendants. | Case No. 1:24-cv-04916-SEG |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Bio-Lab, Inc., KIK International LLC, and KIK Custom Products, Inc. ("Defendants") by and through their undersigned counsel, hereby answer Plaintiff Rockdale County's First Amended Complaint ("FAC"), filed on October 31, 2024. Except as expressly admitted herein, Defendants deny every allegation, statement, heading, and matter contained in the FAC.

## NATURE OF THE ACTION

**ANSWER TO NO. 1:** Paragraph 1 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that a fire occurred on September 29, 2024 at a Bio-Lab facility in Conyers, Georgia, Rockdale County, and that the fire resulted in evacuation and

1

shelter-in-place advisories.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and on that basis deny those allegations.

**ANSWER TO NO. 2:**   Denied.

**ANSWER TO NO. 3:**   To the extent the allegations in Paragraph 3 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  Defendants deny any remaining allegations in Paragraph 3.

**ANSWER TO NO. 4:**   Paragraph 4 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that a fire occurred at the Conyers plant in 2004 and that Interstate Highway 20 was closed temporarily in 2020 due to a thermal decomposition event at the Conyers plant.  Defendants deny the remaining allegations in Paragraph 4.

**ANSWER TO NO. 5:**   Paragraph 5 contains allegations related to reimbursement of emergency response costs, which requests for relief have been dismissed.  Dkt. 70 at 20-21.  Therefore, no answer to those allegations is necessary.  Paragraph 5 also contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

**ANSWER TO NO. 6:**    Paragraph 6 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

**JURISDICTION AND VENUE**

**ANSWER TO NO. 7:**    Paragraph 7 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 7.

**ANSWER TO NO. 8:**    Paragraph 8 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 8.

**ANSWER TO NO. 9:**    Paragraph 9 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 9.

**PARTIES**

**ANSWER TO NO. 10:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis deny those allegations.

**ANSWER TO NO. 11:**  Paragraph 11 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, admitted.

**ANSWER TO NO. 12:**  Paragraph 12 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, KIK International LLC responds that its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington DE 19808.  Defendants deny any remaining allegations in Paragraph 12.

**ANSWER TO NO. 13:**  Paragraph 13 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that KIK Consumer Products Inc. is a registered trade name of KIK Custom Products Inc.  Defendants admit that KIK Custom Products Inc. is a Delaware corporation wholly owned by KCP Holdings Inc., a Delaware corporation; and that KIK Custom Products Inc. is a corporate affiliate of Bio-Lab, Inc. and KIK International LLC.  Defendants admit that KIK Custom Products Inc. can be served via its registered agent The Corporation Trust Company.  Defendants deny any remaining allegations in Paragraph 13.

## GENERAL FACTUAL ALLEGATIONS

### *BIO-LAB MANUFACTURING FACILITIES*

**ANSWER TO NO. 14:**  Admitted.

**ANSWER TO NO. 15:**  Paragraph 15 contains non-factual characterizations to which no response is required.  To the extent a response is required, Defendants admit that KIK Custom Products Inc. acquired Bio-Lab, Inc. in 2013 and deny any remaining allegations in Paragraph 15.

**ANSWER TO NO. 16:**  Defendants admit that the Bio-Lab Conyers plant produced swimming pool and spa water sanitization products.  Defendants deny any remaining allegations in Paragraph 16.

### *EXPLOSION AT THE BIO-LAB PLANT*

**ANSWER TO NO. 17:**  Defendants admit that a fire occurred at a Bio-Lab plant in Conyers, Georgia on September 29, 2024 (the "Fire") that stored trichloroisocyanuric acid ("TCCA").  Defendants deny any remaining allegations in Paragraph 17.

**ANSWER TO NO. 18:**  Defendants admit that the Fire resulted in a release of smoke and chemicals.  Defendants deny that the Fire occurred at 1700 Covington Highway, Conyers, Georgia.  To the extent the allegations in Paragraph 18 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  Defendants deny any remaining allegations in Paragraph 18.

**ANSWER TO NO. 19:**  Denied.

**ANSWER TO NO. 20:**  Defendants admit that Rockdale County officials responded to the Fire but lack knowledge or information sufficient to form a belief

as to the remaining allegations in Paragraph 20. To the extent the allegations in Paragraph 20 purport to quote or characterize statements, those statements speak for themselves, to which no response is required. Defendants deny any remaining allegations in Paragraph 20.

**ANSWER TO NO. 21:** Defendants admit that shelter-in-place advisories were issued and subsequently lifted. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis deny those allegations. Defendants deny any remaining allegations in Paragraph 21.

**ANSWER TO NO. 22:** To the extent the allegations in Paragraph 22 purport to quote or characterize the contents of a third-party website, the website speaks for itself. To the extent the allegations are inconsistent with or do not appear on the website, denied. Defendants deny any remaining allegations in Paragraph 22.

**ANSWER TO NO. 23:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis deny those allegations.

**ANSWER TO NO. 24:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis deny those allegations.

**ANSWER TO NO. 25:**  To the extent the allegations in Paragraph 25 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, denied.  Defendants deny any remaining allegations in Paragraph 25.

**ANSWER TO NO. 26:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny those allegations.

**ANSWER TO NO. 27:**  Paragraph 27 contains allegations related to reimbursement of emergency response costs, which requests for relief have been dismissed.  Dkt. 70 at 20-21.  Therefore, no answer to those allegations is necessary.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27, and on that basis deny those allegations.

**ANSWER TO NO. 28:**  Paragraph 28 contains allegations related to reimbursement of emergency response costs, which requests for relief have been dismissed.  Dkt. 70 at 20-21.  Therefore, no answer to those allegations is necessary.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny those allegations.

**ANSWER TO NO. 29:**  Paragraph 29 contains allegations related to reimbursement of emergency response costs, which requests for relief have been dismissed.  Dkt. 70 at 20-21.  Therefore, no answer to those allegations is necessary.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny those allegations.

**ANSWER TO NO. 30:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis deny those allegations.

**ANSWER TO NO. 31:**  To the extent the allegations in Paragraph 31 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, denied.  Defendants deny any remaining allegations in Paragraph 31.

**ANSWER TO NO. 32:**  To the extent the allegations in Paragraph 32 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, denied.  Defendants admit that the U.S. Chemical Safety and Hazard Investigation Board is conducting an investigation at the Conyers site.  Defendants deny any remaining allegations in Paragraph 32.

**ANSWER TO NO. 33:**  Defendants admit that shelter-in-place advisories were issued and subsequently lifted.  Defendants deny any remaining allegations in Paragraph 33.

## CAUSES OF ACTION

## COUNT I: CLEAN AIR ACT

**ANSWER TO NO. 34:**  Paragraph 34 contains allegations related to Plaintiff's Clean Air Act claim, which has been dismissed.  Doc. 70 at 10-11.  Therefore, no answer to those allegations is necessary.

**ANSWER TO NO. 35:**  Paragraph 35 contains allegations related to Plaintiff's Clean Air Act claim, which has been dismissed.  Doc. 70 at 10-11.  Therefore, no answer to those allegations is necessary.

**ANSWER TO NO. 36:**  Paragraph 36 contains allegations related to Plaintiff's Clean Air Act claim, which has been dismissed.  Doc. 70 at 10-11.  Therefore, no answer to those allegations is necessary.

**ANSWER TO NO. 37:**  Paragraph 37 contains allegations related to Plaintiff's Clean Air Act claim, which has been dismissed.  Doc. 70 at 10-11.  Therefore, no answer to those allegations is necessary.

## COUNT II: EMERGENCY PLANNING AND COMMUNITY RIGHT-TO-KNOW ACT (EPCRA)

**ANSWER TO NO. 38:**  Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

**ANSWER TO NO. 39:**  Paragraph 39 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 39.

**ANSWER TO NO. 40:**  Paragraph 40 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 40.

**ANSWER TO NO. 41:**  Paragraph 41 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 41.

**ANSWER TO NO. 42:**  Paragraph 42 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 42.

**ANSWER TO NO. 43:**  Paragraph 43 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 43.  Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

**ANSWER TO NO. 44:**  Denied.

## COUNT III: NEGLIGENCE

**ANSWER TO NO. 45:**  Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

**ANSWER TO NO. 46:**  Paragraph 46 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 46.

**ANSWER TO NO. 47:**  Paragraph 47 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 47.

**ANSWER TO NO. 48:**  Denied.

**ANSWER TO NO. 49:**  Paragraph 49 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 49.

**ANSWER TO NO. 50:**  Paragraph 50 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50.

## COUNT IV: PUBLIC NUISANCE

**ANSWER TO NO. 51:**  Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

**ANSWER TO NO. 52:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis deny those allegations.

**ANSWER TO NO. 53:** Paragraph 53 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53.

**ANSWER TO NO. 54:** Paragraph 54 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54.

**ANSWER TO NO. 55:** Paragraph 55 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 55. Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

**ANSWER TO NO. 56:** Paragraph 56 contains allegations related to reimbursement of emergency response costs, which requests for relief have been dismissed. Dkt. 70 at 20-21. Therefore, no answer to those allegations is necessary. Paragraph 56 also contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 56. Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

**ANSWER TO NO. 57:**  Paragraph 57 contains allegations related to reimbursement of emergency response costs, which requests for relief have been dismissed.  Dkt. 70 at 20-21.  Therefore, no answer to those allegations is necessary.  Paragraph 57 also contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 57.  Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

**ANSWER TO NO. 58:**  Paragraph 58 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 58.  Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

**ANSWER TO NO. 59:**  Paragraph 59 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 59.

**ANSWER TO NO. 60:**  Paragraph 60 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 60.

**ANSWER TO NO. 61:**  Paragraph 61 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required,

Defendants deny any remaining allegations in Paragraph 61. Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

<u>**COUNT V: PRIVATE NUISANCE**</u>

**ANSWER TO NO. 62:**  Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

**ANSWER TO NO. 63:**    Paragraph 63 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 63.

**ANSWER TO NO. 64:**  Paragraph 64 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 64.  Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

**ANSWER TO NO. 65:**  Paragraph 65 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 65.  Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

<u>**COUNT VI: ABATEMENT OF NUISANCE**</u>

**ANSWER TO NO. 66:**  Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

**ANSWER TO NO. 67:** Paragraph 67 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 67.

**ANSWER TO NO. 68:** Paragraph 68 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 68. Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

## COUNT VII: TRESPASS

**ANSWER TO NO. 69:** Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

**ANSWER TO NO. 70:** Paragraph 70 contains allegations related to reimbursement of emergency response costs, which requests for relief have been dismissed. Dkt. 70 at 20-21. Therefore, no answer to those allegations is necessary. Paragraph 70 also contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 70.

**ANSWER TO NO. 71:** Paragraph 71 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 71.

**ANSWER TO NO. 72:**  Paragraph 72 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 72.

**ANSWER TO NO. 73:**  Paragraph 73 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis deny those allegations.

**ANSWER TO NO. 74:**  Paragraph 74 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 74.

**ANSWER TO NO. 75:**  Paragraph 75 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 75.  Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

## <u>COUNT VIII: WANTONNESS AND PUNITIVE DAMAGES</u>

**ANSWER TO NO. 76:**  Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

**ANSWER TO NO. 77:**  Paragraph 77 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 77.

**ANSWER TO NO. 78:** Paragraph 78 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 78.

**ANSWER TO NO. 79:** Paragraph 79 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 79.

**ANSWER TO NO. 80:** Paragraph 80 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 80.

**ANSWER TO NO. 81:** Paragraph 81 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 81. Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

<u>**COUNT IX: INJUNCTIVE RELIEF**</u>

**ANSWER TO NO. 82:** Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

**ANSWER TO NO. 83:** Paragraph 83 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 83. Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

**ANSWER TO NO. 84:**  Paragraph 84 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 84.  Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

**ANSWER TO NO. 85:**  Paragraph 85 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 85.

**ANSWER TO NO. 86:**  Paragraph 86 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 86.  Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all

## COUNT X: ATTORNEYS' FEES AND EXPENSES OF THE LITIGATION

**ANSWER TO NO. 87:**  Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

**ANSWER TO NO. 88:**  Paragraph 88 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 88.  Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

## PRAYER FOR RELIEF

**ANSWER TO PRAYER FOR RELIEF:** Defendants deny that Plaintiff is entitled to the relief sought in the FAC, or any relief at all.

## TRIAL BY JURY

**ANSWER TO JURY TRIAL DEMAND:** Plaintiff's jury demand consists of Plaintiff's characterizations of their claims, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

No pleaded defense constitutes an admission of liability, that Plaintiff is entitled to any relief, or that Defendants bear or assume the burden of proving any of the defenses set forth below. Defendants assert the following affirmative defenses on the basis of their current knowledge and information, reserving the right to withdraw any of these defenses or to assert additional defenses as further information becomes available.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the FAC, and each claim alleged therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has no basis for recovery of costs and expenses, including attorneys' fees, incurred in this action.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages, Plaintiff is not entitled to punitive damages because Defendants did not act in a manner that would give rise to punitive damages liability.

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert all affirmative defenses under O.C.G.A. § 9-11-8(c) as may be proven by the evidence.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert all affirmative defenses under Rule 8(c)(1) of the Federal Rules of Civil Procedure as may be proven by the evidence.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any damages, those damages were proximately or substantially caused by Plaintiff's failure to mitigate its alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law, to the extent that the FAC alleges a duty arising from state law that conflicts with Defendants' obligations under federal law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by assumption of risk.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants do not owe a duty of care to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they were not reasonably foreseeable.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered damages, those damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence that is the basis of Plaintiff's claims against Defendants, over which Defendants had no control and for which they are not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any damages, those damages were caused by intervening or superseding acts of third parties over which Defendants had no

control and for which they are not responsible.  Defendants exercised due care in light of all relevant facts and circumstances and took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff claims solely economic loss, such claims of damages are barred by operation of Georgia's economic loss doctrine.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for costs related to its response to the fire is barred by Georgia's free public services doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Clean Air Act claim is barred by the Court's Order on Defendants' Motion to Dismiss.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Emergency Planning and Community Right-to-Know Act claim is barred because Plaintiff failed to comply with the Emergency Planning and Community Right-to-Know Act's statutory notice requirement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's private nuisance claim is barred because the alleged impact of the September 29, 2024 fire was not limited to "one or a few individuals."  O.G.C.A. § 41-1-2.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for an injunction to close the Conyers Plant is barred because the Conyers Plant is not a nuisance.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's trespass claim is barred because Plaintiff failed to plead an intentional act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering the damages alleged in the FAC because those damages are too vague, ambiguous, excessive, unreasonable, uncertain, and speculative to permit recovery.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, and/or release.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts equitable claims, such claims are barred because Plaintiff has an adequate remedy at law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Defendants are held liable for any damages, third parties are liable to Defendants in contribution for all damages incurred by Defendants in excess of their equitable share of any such damages.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and award them the costs of this action, together with attorneys' fees, expert fees, and such other relief as the Court may deem just and proper.

Respectfully submitted this 2nd day of October, 2025.

<table>
<tr>
<td>

ALAN E. SCHOENFELD*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com

FELICIA H. ELLSWORTH*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

</td>
<td>

*/s/ Michael A. Caplan*
Michael A. Caplan
Ga. Bar No. 601039
Michael L. Eber
Ga. Bar No. 859338
Emily C. Snow
Ga. Bar No. 837411
Alan M. Long
Ga. Bar No. 367326
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
meber@caplancobb.com
esnow@caplancobb.com
along@caplancobb.com

</td>
</tr>
</table>

*Counsel for Defendants Bio-Lab Inc., KIK International LLC, and KIK Custom Products Inc.*

*\*Admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 2nd day of October, 2025.

*/s/ Michael A. Caplan*
Michael A. Caplan
Ga. Bar No. 601039